

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 05 CR 537 |
| vs. | ) | Judge Samuel Der-Yeghiayan |
| | ) | |
| ROBERT SCOTT LASSITER | ) | |

## PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant ROBERT SCOTT LASSITER, and his attorney, SERGIO RODRIGUEZ, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.     The superseding information in this case charges the defendant with enticing a minor to engage in prohibited sexual activity, in violation of Title 18, United States Code, Section 2422(b) (Count One), and the production of child pornography, in violation of Title 18, United States Code, Section 2251(a) (Count Two).

3.     Defendant has read the charges against him contained in the superseding information, and those charges have been fully explained to him by his attorney.

4.     Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant is Pleading Guilty

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count Two of the superseding information. Count Two charges the defendant with producing child pornography, in violation of Title 18, United States Code, Section 2251(a). In addition, as further provided below, defendant agrees to the abandonment of property named in the forfeiture allegation.

## Factual Basis

6.      Defendant will plead guilty because he is in fact guilty of the charge contained in Count Two of the superseding information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

a.      With respect to Count Two of the superseding information, on or about June 1, 2005, at Seymour, Indiana, in the Southern District of Indiana, and elsewhere, ROBERT SCOTT LASSITER, defendant herein, used, persuaded, and enticed a minor under the age of eighteen, namely Victim A, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, namely digital photographs of Victim A unclothed and engaging in oral sex, which visual depictions defendant knew and had reason to know would be transported in interstate commerce and which were actually transported in interstate commerce, in violation of Title 18, United States Code, Section 2251(a).

2

Specifically, defendant met a 15-year old female (Victim A) on the Internet in or about 2005. Defendant corresponded with Victim A over the Internet and, among other subjects discussed, inquired about sex. Defendant traveled to Columbus, Indiana, on or about June 1, 2005, for the purpose of photographing Victim A engaging in explicit sexual conduct. On June 1, 2005, defendant took Victim A to a Super 8 Motel in Seymour, Indiana. At the motel, defendant persuaded and enticed Victim A to unrobe and to engage in sexual intercourse and oral sex with him. Defendant took not less than approximately 15 pornographic photographs of Victim A, including photographs depicting Victim A's exposed breasts, depicting Victim A's exposed vagina and spread legs, and depicting Victim A engaging in oral sex with the defendant. Defendant also took not less than approximately 26 erotic photographs of Victim A. On June 2, 2005, defendant drove from Indiana to his residence in Bloomington, Illinois. Defendant later emailed some of the pornographic photographs from his computer in Bloomington, Illinois, to Victim A in Columbus, Indiana.

7.     Defendant also acknowledges that for the purpose of computing his sentence under the Sentencing Guidelines, the following conduct, to which he stipulates, constitutes relevant conduct under Guideline §1B1.3:

a.     Beginning on or about April 18, 2005, and continuing until on or about June 10, 2005, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant, using a facility and means of interstate commerce, including interstate wire communications and internet communications service accounts, did knowingly attempt to

3

persuade, induce, and entice "Mandy," whom defendant believed to be a female minor who had not attained the age of 16 years, but who in fact was an undercover law enforcement officer, to engage in sexual activity for which the defendant could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).

Specifically, beginning on approximately April 18, 2005, defendant met "Mandy," whom defendant believed to be a 12-year old female but who unbeknownst to defendant was an undercover law enforcement officer, on the Internet. In the initial and subsequent online chats, defendant engaged in sexually explicit communications with "Mandy," inquired about her past sexual conduct and discussed his own, and attempted to persuade and entice "Mandy" into engaging in sex with defendant. In the conversations that followed, defendant suggested meeting in the Chicago area for the purpose of spending the night together and the defendant agreed to pick up "Mandy" at a particular restaurant in Chicago. On June 10, 2005, defendant drove to the restaurant, approached the undercover officer posing as "Mandy," and stated, "Hi Mandy," before being arrested. Defendant intended to have oral sex with "Mandy" that evening.

b.      Beginning in approximately 2002, and continuing until on or about June 10, 2005, in Illinois, defendant, using a facility and means of interstate commerce, including interstate wire communications and internet communications service accounts, did knowingly attempt to persuade, induce, and entice Victim B to engage in sexual activity for which the

4

defendant could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).

In approximately 2002, defendant met a 16-year old female (Victim B) on the Internet. (Defendant was born on November 6, 1978.) Defendant persuaded and enticed Victim B to meet in person and to have oral sex and sexual intercourse, which defendant and Victim B did on approximately ten occasions. Defendant also asked and attempted to persuade Victim B to allow him to take nude photographs of Victim B, who declined to allow herself to be so photographed.

    c.    Beginning in approximately late summer 2004, and continuing for not less than several months, in Illinois, defendant, using a facility and means of interstate commerce, including interstate wire communications and internet communications service accounts, did knowingly attempt to persuade, induce, and entice Victim C to engage in sexual activity for which the defendant could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).

In approximately late summer 2004, defendant met a 16-year old female (Victim C) at a shopping mall. Using an email account, defendant persuaded and enticed Victim C to engage in oral sex and intercourse with him, which acts defendant engaged in on approximately three occasions. Defendant attempted to persuade Victim C to allow him to take nude photographs of Victim C, who declined to allow herself to be so photographed.

d.      On or about June 11, 2006, agents seized defendant's computer. The computer contained approximately 20 videos depicting prepubescent females posing nude and/or performing acts of sexual intercourse or oral sex on unknown adult males; approximately 243 images of prepubescent females posing nude; approximately 50 images of what appeared to be juvenile females posing erotically with their clothes on; approximately 3 images of nude prepubescent females who are known victims through the Child Victim Identification Program; and approximately 10 deleted images of prepubescent females posing nude. In addition, approximately 15 pornographic and 26 erotic photographs of Victim A were discovered, as already described above, some of which defendant sent to Victim A.

### Maximum Statutory Penalties

8.      Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.      A maximum sentence of 30 years' imprisonment, and a statutory mandatory minimum sentence of 15 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation for this offense. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than five years.

b.      In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

6

## Sentencing Guidelines Calculations

9.     Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

10.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.     **Applicable Guidelines**. The Sentencing Guidelines to be applied in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2006 Guideline Manual.

b.     **Offense Level Calculations.**

i.     The base offense level for the charge in Count Two of the superseding information is 32, pursuant to Guideline §2G2.1(a).

ii.     The offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years. Therefore, two levels are added pursuant to Guidelines § 2G2.1(b)(1).

iii.     The offense involved the commission of a sexual act and sexual contact. Therefore, two levels are added pursuant to Guidelines § 2G2.1(b)(2)(A).

7

iv.     The offense involved distribution. Therefore, two levels are added pursuant to Guidelines § 2G2.1(b)(3).

v.      For the purpose of producing sexually explicit material, the offense involved the use of a computer and interactive computer service to persuade and entice a minor to engage in sexually explicit conduct. Therefore, two levels are added pursuant to Guidelines § 2G2.1(b)(6).

### Multiple Victims Provision

vi.     The offense involved the exploitation of not less than four minors, namely Victim A, Victim B, Victim C, and "Mandy." Therefore, Guidelines § 3D (Multiple Counts) should be applied as if the exploitation of each minor had been contained in a separate count of conviction. U.S.S.G. §§ 2G2.1(d)(1), 2G1.3(d)(1).

### "Mandy"

vii.    The base offense level is 24. U.S.S.G. § 2G1.3(a).

viii.   The offense involved the use of a computer and an interactive computer service. Therefore, two levels are added pursuant to Guidelines § 2G1.3(b)(3).

### Victim B

ix.     The base offense level is 24, pursuant to Guideline § 2G1.3(a).

x.      The offense involved the use of a computer and an interactive computer service. Therefore, two levels are added pursuant to Guidelines § 2G1.3(b)(3).

8

xi.     The offense involved the commission of a sexual act and sexual contact. Therefore, two levels are added pursuant to Guidelines § 2G1.3(b)(4).

### Victim C

xii.    The base offense level is 24, pursuant to Guideline § 2G1.3(a).

xiii.   The offense involved the use of a computer and an interactive computer service. Therefore, two levels are added pursuant to Guidelines § 2G1.3(b)(3)..

xiv.    The offense involved the commission of a sexual act and sexual contact. Therefore, two levels are added pursuant to Guidelines § 2G1.3(b)(4).

### Grouping

xv.     The offense levels applicable to Victim B, Victim C, and "Mandy" are each nine or more levels less serious than the Group with the highest offense level, namely, Count Two of the superseding information. Therefore, no increase in the offense level is applied. U.S.S.G. § 3D1.4.

xvi.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.l(a), including by furnishing the U.S. Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

9

xvii.    In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c.    **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts known to the government at this time, defendant's criminal history points equal zero and defendant's criminal history category is I.

d.    **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 37, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 210 to 262 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e.    Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or

10

additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

      f.     Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing.

11.    Each party is free to recommend whatever sentence it deems appropriate.

12.    It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the

sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

14.     After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the superseding information as to this defendant.

### Forfeiture

15.     Defendant acknowledges that certain property was alleged to be subject to forfeiture in the superseding information. Specifically, the superseding information charged that (a) a Gateway 2000 desktop computer with serial number 0008055707; (b) a Compaq Presario computer with serial number 9002CF5ZD233; (c) a generic computer marked "Digital I" without a serial number; (d) computer disks, CD, floppy disks, and other media and computer equipment found near the above computers; and (e) a Kodak EasyShare DX 4900 digital camera, were subject to forfeiture as property used or intended to be used in any manner or part to commit and to promote the commission of the said violation. Defendant agrees to relinquish and abandon any right, title, or interest that he may have in the above-described property (excluding a photo scanner included in subsection (d) of the foregoing sentence, which defendant represents was not used or intended to be used in connection with the said violation and which is the property of a third-party) to the United

12

States and that the property may be disposed of according to law. Defendant represents that besides himself and the United States by virtue of the forfeiture allegations in the superseding information, no other party has any interest in the property.

16.     Defendant agrees, at any time after acceptance of this Plea Agreement by the Court, to the entry of an Order directing the United States Marshal to dispose of the above-described property according to law. Defendant further understands that abandonment of this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant.

17.     At the time of sentencing, the government shall move to dismiss the forfeiture allegations in the superseding information.

### Presentence Investigation Report/Post-Sentence Supervision

18.     Defendant understands that the United States Attorney's Office in its submission to the Probation Department as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

19.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding

13

all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

20.    For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the United States Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

21.    This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 05 CR 537.

14

22. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

23. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. **Right to be charged by indictment.** Defendant understands that he has a right to have the charges prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the superseding information, the information process, or the fact that he has been prosecuted by way of information.

b. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the superseding information separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

16

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

c.     **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction and any part of the sentence, including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture (or the manner in which that sentence was determined), in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives his right to challenge his

17

conviction and sentence, or the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

        d.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

        24.    Defendant understands that he has the right to be prosecuted for any criminal offense in the district or districts where the offense was committed. By signing this Plea Agreement, defendant knowingly consents to prosecution of the charges against him in the Northern District of Illinois and waives any objection to the venue of this prosecution.

        25.    By entering this plea of guilty, defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. §3600, to require DNA testing of any physical evidence in the possession of the Government. Defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

18

## Other Terms

26.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

27.    The United States agrees not to seek additional criminal charges in the Northern District of Illinois or Southern District of Indiana against defendant for the events between 2002 and 2006 that occurred in the Northern District of Illinois or Southern District of Indiana and are specifically described in paragraphs 6 and 7 of this plea agreement. However, nothing in this Plea Agreement limits the United States in prosecution of defendant in other districts or for crimes not disclosed in his agreement, except as expressly set forth in this Agreement.

## Conclusion

28.    Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

29.    Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require

defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

30.     Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

31.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

32.    Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE:   8/16/07

_____
PATRICK J. FITZGERALD
United States Attorney

_____
MARK E. SCHNEIDER
Assistant U.S. Attorney

_____
ROBERT SCOTT LASSITER
Defendant

_____
SERGIO RODRIGUEZ
Attorney for Defendant

21